**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARMANDO MEDRANO, 32598-177,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-948-O |
| | ) | 3:04-CR-205-0(17) |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural Background**

On August 8, 2005, Petitioner pled guilty to conspiracy to distribute cocaine, marijuana and methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to 108 months confinement, followed by five years supervised release. He did not file an appeal.

On May 29, 2008, Petitioner filed this motion pursuant to 28 U.S.C. § 2255. Petitioner argues: (1) the prosecutor failed to disclose evidence favorable to the defense; (2) his conviction was a result of evidence obtained through an unlawful arrest; (3) his conviction was a result of evidence obtained through an unlawful search and seizure; (4) his conviction violates the Double Jeopardy Clause; and (5) he received ineffective assistance of counsel.

On September 4, 2008, the Court ordered Petitioner to show cause why this petition is not barred by the one-year statute of limitations. On September 11, 2008, Petitioner filed his response. The Court now finds the motion should be dismissed.

## II.  Discussion

### 1.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). Petitioner's final judgment was entered on August 8, 2005. His conviction became final ten days later on August 19, 2005. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner then had one year, or until August 19, 2006, to file his § 2255 motion. Petitioner did not file his motion until May 29, 2008. His motion is therefore untimely.

### 2.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is not knowledgeable about the law and his attorney was ineffective.  Petitioner's claims do not establish a basis for equitable tolling.  As the Fifth Circuit has stated, "A criminal defendant has a right to effective assistance of counsel on a first appeal as of right.  An alleged violation of that right does not toll the AEDPA's statute of limitations."  *Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.").  Further, ignorance of the law does not establish equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling

in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 3rd day of August, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).